JAMES A. McDEVITT
United States Attorney
Eastern District of Washington
SHAWN N. ANDERSON
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 18 2008

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 08-CR-6043-FVS |
| vs. | ) Plea Agreement |
| JACQUELINE GONZALEZ, | ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through JAMES A. McDEVITT, United States Attorney for the Eastern District of Washington, and SHAWN N. ANDERSON, Assistant United States Attorney for the Eastern District of Washington, and Defendant JACQUELINE GONZALEZ and the Defendant's counsel, DIANE E. HEHIR, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, Jacqueline Gonzalez, agrees to plead guilty to Count 23 of the Indictment filed on June 17, 2008, charging the Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). The Defendant, Jacqueline Gonzalez, understands that this crime is a Class E felony and that the statutory penalty for this charge is two (2) years imprisonment; a fine not to exceed $250,000; a term of supervised release of

PLEA AGREEMENT - 1

not more than 1 year; restitution; and a $100 special penalty assessment.

The Defendant, Jacqueline Gonzalez, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. **The Court is Not a Party to the Agreement**:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

PLEA AGREEMENT - 2

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, Jacqueline Gonzalez, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a)  The right to a jury trial;

    (b)  The right to see, hear and question the witnesses;

    (c)  The right to remain silent at trial;

    (d)  The right to testify at trial; and

    (e)  The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), the United States would have to prove beyond a reasonable doubt the following elements:

    (a)  First, on or about August 1, 2004, through and including August 17, 2007, the Defendant, Jacqueline Gonzalez, knowingly possessed or used, without lawful authority, a means of identification of another actual person; and

    (b)  Second, the means of identification was possessed or used during and in relation to a felony

enumerated in 18 U.S.C. § 1028A(c) or 18 U.S.C. § 2332b(g)(5)(B), to-wit: Theft of Government Funds, in violation of 18 U.S.C. § 641 or Social Security Fraud, in violation of 42 U.S.C. § 408(a)(7)(B).

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Jacqueline Gonzalez's guilty plea.

On April 4, 2007, the Washington Department of Social and Health Services (DSHS) received an anonymous tip that Jacqueline GONZALEZ, the Defendant herein, was working in a Pasco nursing home under the name of Mirna Solis and not reporting correct information to DSHS. A subsequent check of DSHS files indicated that GONZALEZ had been known to DSHS since January 1996 as a recipient of financial, food, medical, and child care assistance. She has four children. Until February 2003, GONZALEZ alleged that she was working part time for Del Sol, a janitorial service in the Pasco area. GONZALEZ thereafter claimed to be unemployed. DSHS caseworkers repeatedly noted that her lifestyle appeared beyond her apparent means.

Upon further investigation, GONZALEZ was discovered to have a driver's license under her correct name and an identification card under the name of Mirna Solis. The alleged dates of birth differ. Both documents cited a similar home address in Pasco. GONZALEZ used different Social Security numbers for work at Del

Sol and the nursing home, Avalon Health & Rehabilitation (Avalon). An employee at Avalon noted that the person known to her as Solis liked to be called "Jackie." The employee also positively identified the defendant from a DOL photo.

Wage and employment records were obtained from the parent company of Avalon. Those records revealed that GONZALEZ was employed at the nursing home from November 28, 2000, through July 7, 2007. The defendant reported herself to be Mirna Solis, Social Security number XXX-XX-3160. She also claimed to be a United States citizen. GONZALEZ was still working for Avalon as of January 2008. Wage records from Del Sol reveal that GONZALEZ was employed there from July 15, 2001, through February 4, 2003. She worked under the Social Security number XXX-XX-9023. According to a credit report, GONZALEZ also used Social Security number XXX-XX-9025 to apply for credit. Additional wage records obtained for the father of the defendant's youngest child reveal income that the defendant also failed to report.
Further investigation of records maintained by the Social Security Administration (SSA) revealed that Social Security number XXX-XX-3160 was issued to Mirna Soliz (also spelled Solis), who was born on August 17, 1972 in California. Social Security numbers XXX-XX-9023 and XXX-XX-9025 were not issued to Jacqueline GONZALEZ. In fact, SSA has no record of any Social Security number ever being issued to GONZALEZ. During 1997 and 1999, the Defendant applied for two replacement Social Security cards for XXX-XX-3160. The application forms indicate the Defendant used the victim's correct date and place of birth, in addition to the correct names of the victim's parents.

PLEA AGREEMENT - 5

GONZALEZ was interviewed on September 12, 2007. After waiving Miranda, she acknowledged signing various DSHS documents used to obtain assistance. She also admitted that she was working for Avalon under the identity of Mirna Solis. GONZALEZ claimed that Solis was a friend of hers who allowed GONZALEZ to use her name for work. GONZALEZ also admitted that she is not a United States citizen and that she is in the United States illegally.

Investigators later contacted Solis in California. Solis, now named Myrna Mora, claimed to have never seen GONZALEZ or otherwise know her. Mora had previously reported to local police that she had been a victim of identity theft. In early 2006, Mora received a bill from T-Mobil that also advised her that someone from Washington was using her Social Security number to purchase an account.

The Defendant's conduct created a financial overpayment of $25,146.00 ($13,830.30 in federal funds), a food assistance overpayment of $19,988.00, and a child care overpayment of $639.00 for a total overpayment of $45,773.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6.  Recovery of Assets:

The Defendant agrees to fully cooperate in the identification and recovery of assets to pay restitution and further agrees that if any proceeds are in the Defendant's

PLEA AGREEMENT - 6

possession or control, the Defendant will immediately relinquish them to the United States.

7. **Waiver of Inadmissibility of Statements**:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8. **The United States Agrees**:

(a.) **Dismissal(s)**:

At the time of sentencing, the United States agrees to move to dismiss Count(s) 1-22 of the Indictment, which charge(s) the Defendant with Theft of Government Funds, in violation of 18 U.S.C. § 641, and Social Security Fraud, in violation of 42 U.S.C. § 408(a)(7)(B).

(b.) **Not to File Additional Charges**:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9.  **United States Sentencing Guideline Calculations**:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

   (a)  **Base Offense Level**:

The United States and the Defendant agree that there is no applicable offense level, but the Defendant is subject to a mandatory sentence of two (2) years pursuant to 18 U.S.C. § 1028A(a)(1). U.S.S.G. §2B1.6(a).

   (b)  **Acceptance of Responsibility**:

The United States and the defendant agree that the provisions for acceptance of responsibility are not applicable.

   (c)  **Criminal History**:

The United States and the Defendant agree that no criminal history computation is necessary, as the sentence is subject to a mandatory minimum period of incarceration, regardless of the Defendant's criminal history.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

10.  **Departures and Variances**:

There are no aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines. The

PLEA AGREEMENT - 8

United States and the Defendant agree that they will not seek either an upward or a downward departure or variance from the applicable Guidelines.

11. <u>Incarceration</u>:

   (a.) <u>Length of Imprisonment</u>:

The United States and the Defendant agree to recommend that the Court impose a two (2)-year term of imprisonment, the statutory minimum for this offense.

   (b.) <u>Bureau of Prison Recommendations</u>:

The United States Attorney's Office for the Eastern District of Washington acknowledges that the Defendant intends to request the Court to write a letter to the United States Bureau of Prisons recommending that the Defendant be allowed to serve the sentence at a specific institution. The Defendant understands that any decision concerning the Defendant's place of incarceration is within the exclusive province of the Bureau of Prisons.

12. <u>Criminal Fine</u>:

The United States and the Defendant agree not to recommend the imposition of a criminal fine.

13. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a ~~three (3) year~~ one (1) [FVS] term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant provide financial information, provide copies of Federal income tax returns and allow credit checks, at the direction of the Probation Officer;

PLEA AGREEMENT - 9

(2) that the Defendant shall disclose all assets and liabilities to the Probation Officer and shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance approval of the Probation Officer; and

(3) that the Defendant be prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations without the prior approval of the Probation Officer; and

(4) that the Defendant participate and complete financial counseling and life skills programs at the direction of the Probation Officer.

14. <u>Restitution</u>:

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution to the United States and the State of Washington in amounts to be determined by the United States Probation Office.

Restitution to the victims shall be paid in monthly installments for a term of years as recommended by U.S. Probation. The Defendant acknowledges and agrees that the terms of repayment may be modified upon review of the Defendants future financial condition.

15. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

PLEA AGREEMENT - 10

16. **Payments While Incarcerated:**

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. **Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18. **Appeal Rights:**

Defendant understands that she has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives her right to appeal her conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives her right to file any post-conviction motion attacking her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

19. <u>**Integration Clause**</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JAMES A. McDEVITT
United States Attorney

_____        9/15/08
SHAWN N. ANDERSON                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any

PLEA AGREEMENT - 12

way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Jacqueline Gonzalez_     9-16-08
Jacqueline Gonzalez       Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_Diane T. Hehir_     9-18-08
Diane E. Hehir       Date
Attorney for the Defendant

Reviewed and approved:

_Jane Kirk_     September 15, 2008
JANE KIRK        Date
Supervising Assistant U.S. Attorney

I hereby certify that I have read and translated the entire foregoing document to the Defendant in a language with which he is conversant. If questions have arisen, I have notified the Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

_L. Faviala Gutierrez_     9/16/08
Interpreter                Date

PLEA AGREEMENT - 13